**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

**MICHAEL CORMIER**                                          **CIVIL ACTION NO. 06-0831**
**Individually and obo Alanis Cormier**
**and Pailsei Cormier**
**BRANDY CORMIER**
**Individually and obo Alanis Cormier**
**and Pailsei Cormier**
          *Plaintiffs/Intervenor Defendants*
**LIBERTY MUTUAL INS. CO.**
          *Intervenor Plaintiff*

**VERSUS**                                                   **JUDGE DOHERTY**

**PANACO, INC.**                                            **MAGISTRATE JUDGE METHVIN**
**PANACO PRODUCTION, CO.**
**NATIONAL OFFSHORE L.P.**
          *Defendants/Intervenor Defendants/Cross Claimants/Third-Party Plaintiffs*
**WATERCRAFT AMERICA, INC.**
**UMOE SCHAT HARDING, INC.**
          *Defendants/Intervenor Defendants/Cross Defendants*
**BAKER/MO SERVICES, INC.**
          *Defendant/Cross Defendant/Cross Claimant*
**AMERICA INTERNATIONAL GROUP**
          *Third-Party Defendant*

### REPORT AND RECOMMENDATION ON MOTION TO DISMISS
### (Rec. Docs. 106)

Before the court is the Motion to Dismiss, or in the Alternative, Motion for Judgment on

the Pleadings filed by Watercraft America, Inc. and Umoe Schat-Harding, Inc., seeking dismissal

of plaintiffs' claims based on prescription.  Plaintiffs do not oppose the motion.[1]

On April 14, 2008, Baker/MO Services, Inc. filed a response to the motion, asserting that

regardless of whether plaintiffs' claims against Watercraft and Umoe are dismissed, those

---

[1] Local Rule 7.5W requires that written opposition to a motion be filed within 15 days after service of the motion.  Plaintiff has not filed an opposition.  Further, on April 16, 2008 plaintiff's counsel's office informed the undersigned's law clerk that an opposition would not be filed.

2

defendants should remain in the case as cross-defendants.[2]  Watercraft and Umoe replied to

Baker/MO Services's memorandum, clarifying that the sole issue presented in the pending

Motion to Dismiss is whether Watercraft and Umoe are entitled to have plaintiffs Michael and

Brandy Cormier's claims dismissed.[3]  Thus, the instant Report and Recommendation concern

only the dismissal of plaintiffs' claims against Watercraft and Umoe, not Baker/MO's cross-

claim against those defendants.

### *Background*

Plaintiff, Michael Cormier, was allegedly injured on May 18, 2003 while working with

Baker/MO on a fixed platform on the Outer Continental Shelf in the Gulf of Mexico off the coast

of Texas.  Cormier alleges that he was standing outside of a survival capsule when it suddenly

crashed into the platform, injuring him.

On May 18, 2006, plaintiffs filed suit against: Panaco, Inc./Panaco Production Company,

which now operates as National Offshore L.P., as the owners of the production platform;

Whittaker Corporation and Survival Systems International, Inc., as the manufacturers of the

survival capsule; and Baker/MO, his employer.[4]  On June 8, 2007, the court granted the

unopposed motions for summary judgment filed by Whittaker and Survival Systems, finding that

they did not manufacture the capsule.[5]

---

[2] Rec. Doc. 119.

[3] Rec. Doc. 124-5.

[4] Rec. Doc. 1.

[5] Rec. Doc. 50.  Final Judgment issued June 29, 2007.  Rec. Doc. 70 and 71.

3

On June 13, 2007, plaintiffs filed the First Amended Complaint for Damages, adding Watercraft America, Inc. as the manufacturer of the capsule.[6]  On June 18, 2007, plaintiffs filed the Second Amended Complaint Damages, adding Umoe Schat-Harding, Inc. as an additional manufacturer of the capsule.[7]

On March 28, 2008, Watercraft and Umoe filed the instant Motion to Dismiss, maintaining that  plaintiffs' claims against them are prescribed.[8]  On April 16, 2008, Baker/MO filed a cross-claim seeking contribution and indemnity from Watercraft and Umoe.

### *Legal Analysis*

"A motion to dismiss 'may be granted only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations'." Meadowbriar Home For Children, Inc. v. G.B. Gunn, et al., 81 F.3d 521, 529 (5th Cir. 1996), citing Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995).  The allegations in the complaint are construed favorably to the pleader and accepted as true for purposes of the well-pleaded complaint rule.  Id., 81 F.3d at 529; see also La Porte Constr. Co. v. Bayshore Nat'l. Bank, 805 F.2d 1254, 1255 (5th Cir. 1996).  The district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.  Jefferson v. Lead Industries Ass'n., Inc., 106 F.3d 1245, 1250 (5th Cir. 1996), citing Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993).

---

[6] Rec. Doc. 55.

[7] Rec. Doc. 61.

[8] Rec. Doc. 106.

4

The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  Id., 106 F.3d at 1250, citing Fernandez-Montes, 987 F.2d at 284, 285; Leffall v. Dallas Independent School District, 28 F.3d 521, 524 (5th Cir. 1994).  However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.  Id., 106 F.3d at 1250, citing Fernandez-Montes, 987 F.2d at 284, 285; Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Plaintiffs claims are brought under the general maritime laws of the United States.[9] "Under federal maritime law, 'a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.'"  Strong v. B.P. Exploration & Production, Inc., 440 F.3d 665 (5th Cir. 2006) citing 46 App. U.S.C. § 763a.

Plaintiff's accident occurred on May 18, 2003, and therefore, plaintiffs  had until May 18, 2006 to bring their claims.  Plaintiffs did not file suit against Watercraft and Umoe until June, 2007.   Thus, plaintiffs' claims against Watercraft and Umoe were not filed within the time period set forth in the statute of limitations.

In certain instances, plaintiffs may avoid the statute of limitations through relation back. Federal Rule of Civil Procedure 15(c) provides that plaintiffs may benefit from the filing date of

---

[9] Although there is an argument that plaintiffs' claims could be brought under OCSLA, which would render Texas law applicable, the undersigned concludes that the claims are subject to the general maritime laws, which is specifically referenced in the Complaint.  Moreover, if Texas law were applicable, it is undisputed that plaintiffs' claims against all defendants would be untimely under the Texas two-year statute of limitations.  Tex. Civ. Prac. & Rem.Code.Ann. § 16.003(a).  Thus, the only reasonable basis for jurisdiction in this case is general maritime law.

5

an original complaint when an amended complaint is filed after the statute of limitations has run.
Under Rule 15(c)(3), amendments to add new parties relate back to the date of the original
pleading when: (a) the claim arises from the same conduct, transaction, or occurrence set forth or
attempted to be set forth in the original pleading, (b) the new party received timely notice of the
original action, and (c) the new party knew or should have known that but for a mistake
concerning the identity of the proper party, the original action would have been brought against
it.  Fed.R.Civ.P. 15(c)(3).

Plaintiffs have not offered any support for their claims against Watercraft and Umoe
relating back to the filing of the original complaint.  In fact, plaintiffs do not oppose the motion
seeking dismissal of their claims as untimely.  Thus, plaintiffs have not shown that Watercraft
and Umoe had fair notice of the claims, that defendants will not be prejudiced, or that the
defendants should have known that the original action would have been brought against them
except for a mistake concerning the identity of the proper party.

Considering that plaintiffs' do not oppose dismissal of their claims against Watercraft and
Umoe, and because the foregoing shows the claims were not timely filed, the undersigned
concludes that Watercraft and Umoe's Motion to Dismiss should be granted.

### *Conclusion*

Accordingly, the undersigned concludes that plaintiffs' claims against Watercraft and
Umoe are prescribed.  Accordingly, it is RECOMMENDED that Watercraft and Umoe's Motion
to Dismiss be GRANTED and plaintiffs Michael and Brandy Cormier's claims against
Watercraft and Umoe be DISMISSED WITH PREJUDICE.

6

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on April 25, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)