RECEIVED

MAY 2 8 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL CORMIER, ET AL. | CIVIL ACTION NO. 06-0831 |
| VERSUS | JUDGE DOHERTY |
| PANACO, INC., ET AL. | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Pending before this Court is a "Report and Recommendation on Motion to Dismiss" [Doc. 127] issued by Magistrate Judge Methvin, in which the magistrate judge recommends the Motion to Dismiss filed by defendants Watercraft America, Inc. and Umoe Schat-Harding, Inc. ["defendants"] be GRANTED and plaintiffs' claims against Watercraft America Umoe Schat-Harding be dismissed as time-barred. Defendants filed an Objection to Magistrate Judge Methvin's Report [Doc. 129], wherein defendants state "they are in complete agreement with the ultimate conclusion" of the magistrate judge that plaintiffs' claims against them be dismissed, but object to the magistrate judge's findings in footnote 9 of the Report and Recommendation regarding the application of either general maritime law or OCSLA to the claims in this case, all as set forth in more detail hereinbelow.

For the following reasons, this Court ADOPTS IN PART Magistrate Judge Methvin's Recommendation, concluding, as did the magistrate judge, plaintiffs' claims against Watercraft America and Umoe Schat-Harding should be dismissed as time-barred, but STRIKES footnote 9 from the record of this matter. The Court also issues a briefing schedule for the parties to outline the applicable law with respect to each claim, cross-claim, or counterclaim filed in this case.

I. **Factual and Procedural Background**

Plaintiff, Michael Cormier, was allegedly injured on May 18, 2003 while employed by Baker/MO on a fixed platform on the Outer Continental Shelf in the Gulf of Mexico off the coast of Texas. Cormier alleges he was standing outside a survival capsule when it suddenly crashed into the platform, injuring him. On May 18, 2006, plaintiff and his spouse, on behalf of themselves and their minor children, filed suit against: Panaco, Inc./Panaco Production Company, which now operates as National Offshore L.P., as the owners of the production platform; Whittaker Corporation and Survival Systems International, Inc., as the manufacturers of the survival capsule; and Baker/MO, as Mr. Cormier's employer. On June 8, 2007, the Court granted the unopposed motions for summary judgment filed by Whittaker and Survival Systems, finding they did not manufacture the capsule. [Doc. 50].

On June 13, 2007, plaintiffs filed a First Amended Complaint for Damages, adding Watercraft America as the manufacturer of the capsule. On June 18, 2007, plaintiffs filed a Second Amended Complaint Damages, adding Umoe Schat-Harding, Inc. as an additional manufacturer of the capsule. On March 28, 2008, Watercraft and Umoe filed the instant Motion to Dismiss, contending plaintiffs' claims against them are prescribed and should be dismissed. Plaintiffs do not oppose the motion to dismiss. However, on April 14, 2008, co-defendant Baker/MO Services, Inc. filed a response to the motion, asserting that regardless of whether plaintiffs' claims against Watercraft and Umoe are dismissed, those defendants should remain in the case as cross-defendants. Although no cross-claim against defendants was actually pending on that date, two days later, on April 16, 2008, Baker/MO filed a cross-claim seeking contribution and indemnity from Watercraft America and Umoe Schat-Harding.

2

Watercraft and Umoe replied to Baker/MO Services's memorandum, arguing the sole issue presented in the pending Motion to Dismiss is whether Watercraft America and Umoe Schat-Harding are entitled to have plaintiffs Michael and Brandy Cormier's claims dismissed as time-barred. In her Report, the magistrate judge clarified that her Report concerns only the dismissal of plaintiffs' claims against Watercraft America and Umoe Schat-Harding, not Baker/MO's cross-claim against those defendants.

Noting the plaintiffs' claims are alleged against Watercraft America and Umoe Schat-Harding pursuant to general maritime law, the magistrate judge noted "a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.'" *Strong v. B.P. Exploration & Production, Inc.*, 440 F.3d 665 (5$_{th}$Cir. 2006) *citing* 46 App. U.S.C. § 763a.[1] Noting Mr. Cormier's accident occurred on May 18, 2003 and plaintiffs did not bring their suit against Watercraft America and Umoe Schat-Harding until June 2007, the magistrate judge found plaintiffs' claims against these defendants was not timely. The magistrate judge also concluded there was no evidence supporting a finding that the untimely claims should relate back to the filing of the original complaint and pointed out that plaintiffs did not oppose the motion dismissing their claims against Watercraft America and Umoe Schat-Harding. Thus, the magistrate judge recommended dismissal of plaintiffs' claims against Western America and Umoe Schat-Harding as time-barred.

---

[1] The magistrate judge relied on the version of the statute appearing at 46 U.S.C. §763a. As noted hereinafter, this statute has been amended, although the changes are stylistic and not substantive.

In footnote 9 of her Report, the magistrate judge included the following findings:

> Although there is an argument that plaintiffs' claims could be brought under OCSLA, which would render Texas law applicable, the undersigned concludes that the claims are subject to the general maritime laws, which is specifically referenced in the Complaint. Moreover, if Texas law were applicable, it is undisputed that plaintiffs' claims against all defendants would be untimely under the Texas two-year statute of limitations. Tex. Civ. Prac. & Rem.Code.Ann. § 16.003(a). Thus, the only reasonable basis for jurisdiction in this case is general maritime law.

Watercraft America and Umoe-Schat Harding do not challenge the magistrate judge's ultimate finding that the plaintiffs' claims against them should be dismissed. Rather, defendants contend the finding in footnote 9 was unnecessary and erroneous, contending the issue of whether Texas law applies via OCSLA or whether general maritime law applies is an issue that was not, and is not, before the Court. Specifically, defendants contend there is no explanation within the footnote for the conclusion that general maritime law provides the "only reasonable basis for jurisdiction," an issue which defendants contend is a disputed issue that the parties have not had an opportunity to fully brief. Moreover, defendants contend plaintiffs' claims are prescribed regardless of whether general maritime law or Texas law via OCSLA applies, inasmuch as the Texas statute of limitations – 2 years – is shorter than the statute of limitations applicable to general maritime torts.

## II.  Law and Discussion

First, this Court notes the version of the statute applied by the magistrate judge has been amended, although the amendments are stylistic and not substantive. *See* 46 U.S.C. §30106, which states:

> Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose.

46 U.S.C. §30106 (amending 46 App. U.S.C.A. §763a) (effective October 6, 2006).

Furthermore, after review of the briefs of the parties, the magistrate judge's Report and Recommendation, and the Objection filed by Watercraft America and Umoe-Schat Harding, this Court concludes the issue of whether Texas law via OCSLA applies to the claims raised in this case is an issue that was not briefed by the parties and was not directly before the magistrate judge at the time she issued her Report. Consequently, it was erroneous for the magistrate judge to make the finding in footnote 9 that "the only reasonable basis for jurisdiction in this case is general maritime law." The law applicable to the claims in the instant case is a disputed issue and must be briefed by the parties.

This Court notes that what law applies to which of plaintiffs's claims against which defendants and what law applies to any cross-claims brought by any party is a pivotal, threshold issue. Here, none of the parties dispute the assertion that Texas law's applicable statute of limitations, should Texas law apply to the claims at issue, would be two years – which is shorter than the relied upon three year statute of limitation under maritime law – and no argument has been made Texas law would present an argument for *in solido* liability such that timely suit against one defendant should act to interrupt the running of the statute of limitations as to the others. However, as noted previously, whether Texas law applies in this case and if so to which claims or defendants, is unknown to the Court at this time. This Court concludes it is necessary and critical that the appropriate law applicable to each claim be set forth by the parties in order for this matter to move forward efficiently.

Considering the foregoing, this Court ADOPTS IN PART Magistrate Judge Methvin's Recommendation, concluding, as did the magistrate judge, plaintiffs' claims against Watercraft America and Umoe Schat-Harding should be dismissed as time-barred plaintiff. Therefore, IT IS

ORDERED that plaintiffs' claims against Watercraft America and Umoe-Schat Harding are DISMISSED WITH PREJUDICE as time-barred.

IT IS FURTHER ORDERED that the magistrate judge's findings in footnote 9 are STRICKEN from the record in this matter, considering the issue of what law is applicable to which claims and which defendants in this case has not been presented to the Court for consideration as of this date.

IT IS FURTHER ORDERED that the parties shall file an outline of claims setting forth the applicable law with respect to each claim, each defendant, each cross-claim, and/or counterclaim in this case, as follows:

>Any party that has asserted a claim, cross-claim or counterclaim in this case specifically identify each and every claim the party intends to assert (*i.e.*, unlawful retaliation in violation of Title VII; breach of contract, negligence etc.). After identifying his first claim, the party will identify the basis in law (*i.e.* statutory, jurisprudential or contract) upon which the claim is founded, together with any pertinent jurisprudential gloss on the applicable law. The party must then list all elements required to prove that claim (*i.e.* duty, breach, etc.). Next, the party is to identify specifically each and every remedy he seeks to recover if he succeeds in proving the merits of his claim (*i.e.* punitive damages, attorney fees, etc.). As to each remedy, the party will again identify the basis in law, together with any applicable jurisprudential gloss. Each reference or citation to a statute must be cited to the specific language upon which the party relies and its location. The party is then to list a <u>very</u> brief recitation of the facts that he will use to prove that claim.
>
>A party against whom a claim has been asserted shall file an outline containing: (a) specific responses to the claims asserted; and (b) any affirmative defenses the party is asserting. As to the specific responses, the responding party shall, with regard to each claim, set forth each and every element of his response to the claim. For instance, if the responding party agrees that a specific claim asserted presents a viable theory in law, but disagrees the facts of this particular case permit plaintiff to recover under that theory, he is to so state and include any evidence and/or argument in support of his position. If the responding party does not agree with any statement of law or fact, he is to respond with the same level of specificity and detail as described in the above paragraph. In addition to responding to all claims and assertions, a responding party shall identify each and every affirmative defense he intends to assert in response to a claim asserted. With regard to these defenses, a responding party is to provide the same type of information and level of detail required in the foregoing paragraph.

6

Parties asserting claims, cross-claim, or counterclaims shall file their outlines on or before June 17, 2008. Parties wishing to respond to any outline filed shall file their outline on or before July 1, 2008.

SIGNED at Lafayette, Louisiana on this ____ day of _____, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE